**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

BARRY GREEN, as the Person Representative
of the Wrongful Death Estate of JEROME
LUCERO, and JEREMY LUCERO,

      Plaintiffs,

vs.                                                                         No. CIV 23-0460 JB/LF

JAKAMIEN JAJUAN MILLER; CHRISTIAN
ORTEGA; JESTON MATHENY; DARWIN
LOPEZ; ROCKERZ, INC.; AARON'S LLC and
JOHN DOES 1-10,

      Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** comes before the Court on the Order Granting Unopposed Motion to

Dismiss All Claims Against Defendant Central Avenue and Atrisco Pro's Real Estate LLC, filed

May 16, 2024 (Doc. 40)("Dismissal Order").  The Court held a fairness hearing on February 13,

2024.  <u>See</u> Clerk's Minutes at 1, filed February 13, 2024 (Doc. 35).  The primary issue is whether

the Court has subject-matter jurisdiction to approve a proposed settlement in this matter and enter

Final Judgment.  When this case was removed to federal court, one of the named Defendants was

an entity called Central Avenue and Atrisco Pro's Real Estate, LLC.  <u>See</u> Notice of Removal at 1,

filed May 24, 2023 (Doc. 1).  At the fairness hearing, the Court expressed concerns that at least

some of the members of this limited liability company might be citizens of the State of New

Mexico, which would destroy the complete diversity of all the parties in this matter and deprive

the Court of its subject-matter jurisdiction under 28 U.S.C. § 1332.  <u>See</u> Draft Transcript of

February 13, 2024, Fairness Hearing at 21:1-5 (taken February 13, 2024)(Court)("Tr.")[1]("I'm a little concerned . . . that you may have [a] New Mexican [who] sits as part of your membership or principles and then assuming that the plaintiff here is a New Mexico citizen, I may not have jurisdiction over this case."). The Court stated, however, that "the settlement is fair and appropriate and [in] the best interests of the brother," and that the Court is "open to fixing . . . the jurisdictional problem . . . assuming it can be fixed." Tr. at 38:8-16 (Court). The Court also stated: "Worst come to worse we remand it to State court and let the State court sign off on it." Tr. at 38:16-18 (Court). Subsequently, the Court entered the Dismissal Order, which dismisses Central Avenue and Atrisco Pro's Real Estate, LLC as a party in this case. See Dismissal Order at 1. Plaintiffs Barry Green -- as representative of the wrongful death estate of Jerome Lucero -- and Jeremy Lucero then filed a Second Amended Complaint for Wrongful Death, Negligence, Negligent Hiring, Training, Supervision, and Retention, Failure to Render Aid, and Loss of Consortium, filed May 29, 2024 (Doc. 42)("Second Amended Complaint"). The Second Amended Complaint removes Central Avenue and Atrisco Pro's Real Estate, LLC as a named party in this case, and contains no claims against Central Avenue and Atrisco Pro's Real Estate, LLC. See Second Amended Complaint ¶¶ 1-71, at 1-8.

Following the dismissal of Central Avenue and Atrisco Pro's Real Estate, LLC, the Court concludes that it has subject-matter jurisdiction to approve the settlement in this case and enter judgement. Generally, a district court assesses subject-matter jurisdiction at the time the case is commenced -- the so-called "time-of-filing rule." Grupo Dataflux v. Atlas Glob. Grp., L.P., 541

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcripts may contain slightly different page and/or line numbers.

U.S. 567, 570 (2004)(Scalia, J.).  See <u>Mollan v. Torrance</u>, 22 U.S. 537, 539 (1824)(Marshall, C.J.)("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought . . . ."); 13E Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure § 3608 (3d ed. 2024).  There exists, however, an exception to this general rule: in a diversity case, dismissal of a dispensable diversity-destroying party, even after removal, cures the jurisdictional defect.  See <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 64 (1996)(Ginsburg, J.); <u>Grupo Dataflux v. Atlas Glob. Grp., L.P.</u>, 541 U.S. at 572 (explaining that "*Caterpillar* broke no new ground, because the jurisdictional defect it addressed had been cured by the dismissal of the party that had destroyed diversity.  That method of curing a jurisdictional defect had long been an exception to the time-of-filing rule.").  Dismissal of a diversity-destroying party contrasts with the scenario in which the citizenship of a diversity-destroying party changes during litigation, which does not cure the jurisdictional defect.  See <u>Grupo Dataflux v. Atlas Glob. Grp., L.P.</u>, 541 U.S. at 572.  For the <u>Caterpillar</u> exception to apply, however, the party-to-be-dropped must be a dispensable party.  As Justice Scalia wrote in <u>Grupo Dataflux</u>:

> Federal Rule of Civil Procedure 21 provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  By now, "it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered." *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832, . . . (1989).  Indeed, the Court held in *Newman-Green* that courts of appeals also have the authority to cure a jurisdictional defect by dismissing a dispensable nondiverse party. *Id.*, at 837 . . . .

541 U.S. at 572-73.

Here, the Court concludes that, although the Court lacked subject-matter jurisdiction at the time of removal, the Court's dismissal of the nondiverse party cures that jurisdictional defect.  See Dismissal Order at 1.  Pursuant to the "established exception" to the time-of-filing rule, the Court

retains jurisdiction over this case and will enter an order approving the settlement in this case, followed by a Final Judgment. See Amazon, Inc. v. Cannondale Corp., No. CIV 00-2063, 2006 WL 650682, at *9 (D. Colo. March 10, 2006)(Nottingham, J.)("One [exception to the time-of-filing rule] is that the court may cure a jurisdictional defect by dismissing a non-diverse party at any time, even after judgment has been rendered." (citing Grupo Dataflux v. Atlas Glob. Grp., L.P., 541 U.S. at 572; Caterpillar Inc. v. Lewis, 519 U.S. at 64)); Carroll v. Moran Foods, LLC, No. PWG 18-2229, 2018 WL 6446439, at *3 (D. Md. December 10, 2018)(Grimm, J.)("Accordingly, given that Carroll voluntarily dismissed the non-diverse defendant [one month after removal], resulting in complete diversity between the parties, this Court has subject matter jurisdiction.").

**IT IS ORDERED** that: (i) the Court has subject-matter jurisdiction over this case; and (ii) the Court will enter an order approving the settlement; and (iii) the Court will enter Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Nathan A. Cobb
Law Office of Nathan Cobb LLC
Albuquerque, New Mexico

-- and --

Brian G. Grayson
Grayson Law Office, LLC
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

J. Andrew deGraauw
Chad D. Willis
deGraauw Law Firm, P.C.
Albuquerque, New Mexico

*Attorneys for Defendants Jakamien Jajuan Miller, Christian Ortega, Jeston Matheny, and Darwin Lopez*

Christopher T. Saucedo
Daniel C. Apodaca
Saucedo Harrigan Apodaca Griesmeyer Apodaca, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Rockerz, Inc.*

Monica R. Garcia
Butt Thornton & Baehr, P.C.
Albuquerque, New Mexico

*Attorneys for Defendant Aaron's LLC*